BLANK ROME LLP
Gregory M. Bordo (SBN 156147)
GBordo@BlankRome.com
Jeffrey Rosenfeld (SBN 221625)
JRosenfeld@BlankRome.com
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Tel: 424-239-3400
Fax: 424-239-3434

Anthony B. Haller (*pro hac vice*)
Haller@BlankRome.com
Leigh Ann Buziak (*pro hac vice*)
LBuziak@BlankRome.com
Heidi G. Crikelair (*pro hac vice*)
HCrikelair@BlankRome.com
One Logan Square
130 North 18ty Street
Philadelphia, PA 19103

Attorneys for Plaintiffs,
DEPUY SYNTHES SALES, INC. and
JONATHAN L. WABER

*Additional counsel on following page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DEPUY SYNTHES SALES, INC., a Massachusetts corporation, and JONATHAN L. WABER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STRYKER CORPORATION, a Michigan corporation,<br><br>Defendant. | Case No. 5:18-cv-01557 FMO (KKx)<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>**NOTE: CHANGES MADE BY THE COURT** |

**JOINT STIPULATED PROTECTIVE ORDER**

SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
rmilligan@seyfarth.com
D. Joshua Salinas (SBN 282065)
jsalinas@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Tel: (310) 277-7200
Fax: (310) 201-5219

Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendants
STRYKER CORPORATION and HOWMEDICA OSTEONICS CORP.

**JOINT STIPULATED PROTECTIVE ORDER**

## **STIPULATION**

IT IS HEREBY STIPULATED pursuant to Fed. R. Civ. P. 26(c) by and between Plaintiffs DePuy Synthes Sales, Inc. and Jonathan L. Waber (collectively, "Plaintiffs") on the one hand, and Defendants Stryker Corporation and Howmedica Osteonics Corp. ("Defendants") on the other hand, (each a "Party" and, together, the "Parties"), through their respective attorneys of record that a Protective Order ("Order" or "Stipulated Protective Order") may be entered by the Court in this action for good cause as follows:

**1.    A.    PURPOSES AND LIMITATIONS**

Plaintiffs and Defendants acknowledge that disclosure and discovery activity in this litigation will involve production of confidential, proprietary, trade secret, medical, psychological, personal or private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) would be warranted. Pursuant to Fed. R. Civ. P. 26(c), Local Rule 79-5, and any other applicable local laws and rules, the Parties wish to facilitate the orderly and efficient disclosure of relevant information, and to minimize the potential for unauthorized disclosure of confidential information.

The Parties acknowledge that any use of information or items deemed "Protected Material" pursuant to this Stipulated Protective Order at trial or in other court hearings or proceedings shall be governed exclusively by the orders of the presiding judge. The Parties further acknowledge that the terms of this Stipulated Protective Order do not apply to or operate to constrain in any way the Court or the Court's personnel, who are subject only to the Court's internal procedures regarding the handling of any material filed or lodged with the Court, including, without limitation, material filed or lodged under seal. The Parties also acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items deemed "Protected Material" as that term is defined below.

**B.  GOOD CAUSE STATEMENT**

Counsel for Plaintiffs DePuy Synthes Sales, Inc. and Jonathan L. Waber (the "Plaintiffs") and Defendants Stryker Corporation and Howmedica Osteonics Corp. (the "Defendants") have conferred on the issue of disclosure of certain information relevant to the claims and defenses in the above-captioned action.  The Plaintiffs and Defendants have agreed that both sides either have propounded or will propound discovery seeking information and documents related to, *inter alia*, confidential, proprietary, trade secret, medical, psychological, personal or private information.  Good cause exists pursuant to Federal Rule of Civil Procedure 26(c) to protect those involved in this litigation from the disclosure of such information without adequate safeguards in place regarding confidentiality.

**2.  DEFINITIONS**

**2.1  Party**.  Plaintiffs and Defendants, including his/its officers, directors, employees, Experts or Consultants (as defined below) and outside counsel (as defined below).

**2.2  Disclosure or Discovery Material**.  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery or other requests for documentation in this matter.

**2.3  Competitor**.  "Competitor" means any manufacturer of, or any entity involved in the sale of, medical devices and any person who, upon reasonable and good faith inquiry, could be determined to be employed by, to be a consultant doing research for, or otherwise to be retained by any manufacturer of, or any entity involved in the sale of, medical devices.

**2.4** **"CONFIDENTIAL" Information or Items**.

Means any hardcopy or electronic document, information, testimony (*i.e.*, depositions, declarations, or other pre-trial statements in this Litigation), and all copies, data, extracts, compilations, summaries, reports, and information obtained, derived, or generated from such material that the party designating the material as confidential reasonably believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G), Local Rule 79-5, or other applicable laws or regulations. Confidential material includes, but is not limited to, trade secrets (as defined in the Uniform Trade Secrets Act); other confidential or proprietary research, development, or commercial information; all information that, if disclosed, could result in competitive, commercial, or business harm; and any person's personal identifying information, financial information, medical/insurance information, or other information that is private under applicable laws or regulations.

**2.5** **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**.

Extremely sensitive information that the Disclosing Party considers in good faith to contain or comprise information covered by paragraph 2.3 above, but that is so highly sensitive or confidential that disclosure to a Party would pose a substantial risk of impairing the personal, business or commercial interests of the Designating Party or others subject to Rule 26(c) or under other applicable laws.

**2.6** **Producing Party**.    A Party that produces Disclosure or Discovery Material in this case.

**2.7** **Receiving Party**.  A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.8** **Designating Party**.  A Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.

**2.9** **Challenging Party.** A Party that challenges the designation of information or items under this Stipulated Protective Order.

**2.10** **Protected Material**. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items.

**2.11** **Outside Counsel**. Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including their employees and independent companies or agencies that Outside Counsel directly retains on behalf of a Party to perform litigation support services, including for example steno- or videographic services.

**2.12** **Expert or Consultant**. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert or as a consultant in this action (regardless whether the individual serves as a witness). This definition includes a professional jury or trial consultant retained in connection with this litigation. An expert for purposes of this Stipulated Protective Order shall not include anyone who is a past or current employee of either an opposing Party or a Competitor.

**2.13** **Professional Vendors.** Persons or entities that provide litigation support services (e.g., photocopying; videotaping, translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.** **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in this action or in other settings that might reveal Protected Material. Nothing in this Order shall be construed as requiring disclosure of documents, information or any other materials that are subject

to applicable privileges or immunities or that are, or may be claimed to be, otherwise beyond the scope of permissible discovery. Nothing herein shall be construed as an admission or concession by any party that any Protected Material constitutes relevant, material, or admissible evidence in this matter.

**4.    DURATION**

The parties to this Stipulated Protective Order intend that the protections conferred by the designation of material as "Protected Material" shall apply to any documents produced in this litigation so designated, regardless of whether or not this Order has been entered by the Court. Further, the parties agree to "meet and confer" in good faith after the conclusion of the subject litigation (if not before) to ensure that "Protected Material" does not become part of the "public record."

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.**

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, including, when reasonable, designating for protection only those parts of material, documents, items, or oral or written communications which qualify for protection under this Order.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designations**.

Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  This, however, does not preclude a Designating Party from designating Protected Material previously produced in this action prior to the Parties' entry of this Stipulated Protective Order.

Designation in conformity with this Order requires:

**(a)    For information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings):

(i)    Documents Produced in Image, PDF, or hardcopy form ("Image"). The Designating Party shall place on each page the following legend: PROTECTED DOCUMENT, SUBJECT TO PROTECTIVE ORDER or PROTECTED DOCUMENT—ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER. The legend shall not obscure any content of the original document. Any person making a copy of the image, if authorized under this Order, shall ensure that the same legend shows on the copy.

(ii)    Documents Produced in Native Format ("native file"). A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: PROTECTED or PROTECTED—ATTORNEYS' EYES ONLY. Any person making any copy of the native file, if authorized under this Order, shall not rename the file.

**(b)    For material produced prior to the entry of this Stipulated Order**: Protected Material previously produced in this action prior to the entry of this Stipulated Protective Order will be covered under this Protective Order as follows:  the Designating Party shall provide the Receiving Party with correspondence indicating which documents previously produced that will be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such correspondence

shall bring such material previously produced in this action prior to the entry of this Stipulated Protective Order under its protection as Protected Material.

  **(c) For testimony given in deposition or in other pre-trial or trial (litigation) proceedings:**

  The Designating Party may designate information disclosed on the record at the deposition, including testimony and exhibits, as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" and request the preparation of a separate transcript of such material.  Such separate transcript shall include both deposition testimony and exhibits so designated.  In addition, deposition transcripts and exhibits shall be deemed confidential for thirty (30) days after the Parties' receipt of the final transcript.  A Designating Party may designate in writing, within thirty (30) days after receipt of any final deposition transcript in the action, the specific pages of the transcript and exhibits to be treated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."  The Designating Party shall then be responsible to notify the Court Reporter and the Court Reporter shall provide a separate transcript which shall include both deposition testimony and exhibits so designated.

  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party offering or sponsoring the witness or presenting the testimony.

  **(d) Information Contained in Responses to Written Discovery:**

  A Designating Party may designate information disclosed in response to written discovery requests (including subpoenas) as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" by so indicating in said responses, on each page of any documents produced with such

responses, and/or as otherwise provided in Paragraph 5.2 above, identifying those responses being so designated. In addition, a Designating Party may designate in writing, within thirty (30) days after receipt of another Party or non-party's responses to written discovery requests, the specific responses, documents, and/or other information to be treated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."

**(e)** **For information produced in some form other than documentary, and for any other tangible items**:

The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend Party shall affix in a prominent place on the exterior of the items the legend "CONFIDENTIAL, PRODUCED BY [PARTY NAME] IN *DEPUY SYNTHES SALES, INC. V. STRYKER CORP.*, CASE NO. 5:18-cv-01557" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY, PRODUCED BY [PARTY NAME] IN *DEPUY SYNTHES SALES, INC. V. STRYKER CORP.*, CASE NO. 5:18-cv-01557." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

**5.3** **Protected Material Disclosed by a Non-Party**.

For 30 days after a non-party makes disclosures in this proceeding, the entire disclosure shall be treated as Protected Material under this Order.

Within the 30-day period, the non-party or a party in this action may notify all other parties that all or specific portions of the disclosure are Protected Material. Thereafter, the designated portions shall remain subject to this Order.

**5.4** **Inadvertent Failure to Designate**.

An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under

this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5.5** **Challenges to Designations**.

A Party may challenge the propriety of any designation of any Discovery Disclosure or Discovery Material made pursuant to this Order. The challenge shall be made within forty-five (45) days of the challenging party's receipt of the material to be challenged and at a time that is consistent with the Court's Scheduling Order. A challenge may be made by serving by e-mail on all other Parties (and third parties, if applicable) a "Notice of Objection" that identifies with particularity the Protected Material as to which the designation is challenged and states the basis for each challenge.

**(a)** After any challenge is asserted to a designation made according to the procedures set forth in Paragraph 5.2 above and its various sub-paragraphs, the Protected Material shall continue to have its designation until the challenge is fully resolved according to the procedures set forth in this paragraph 5.5(d).

**(b)** Within thirty (30) calendar days after service of a Notice of Objection in full compliance with paragraph 5.5 above, the Designating Party shall e-mail a response to the Notice of Objection setting forth the legal and factual grounds on which the Designating Party bases its position that the materials have been properly designated. If no such response is provided the objection will be deemed sustained and the document, information or material at issue shall be re-designated in accordance with the objection.

**(c)** The Parties will strictly comply with Local Rule 37-1 and will attempt to resolve each challenge in good faith before requesting judicial intervention. The Parties must begin the process by conferring directly (in voice to voice dialogue;

090725.02434/119889274v.3

other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party and opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

**(d)** If, after response by the Designating Party the Challenging Party remains unconvinced of the propriety of the designation, the Challenging Party may file a motion objecting to the designation and seeking the Court's leave to redesignate the identified information within thirty (30) calendar days after receipt of the response to the Notice of Objection. In seeking judicial intervention, the Parties will strictly comply with Local Rules 37-2 and 79-5, including, specifically, Local Rule 79-5.2.2. The Designating Party shall bear the burden of establishing that it properly designated the Protected Material within the meaning of this Protective Order or that the information is otherwise deserving of an alternative designation.

If such a motion is timely filed, the original designation shall remain effective until the later of: (i) thirty (30) court days after service of notice of entry of an order re-designating the materials, or (ii) an appellate court's ruling on any timely filed writ petition.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

**6.1     <u>Basic Principles</u>.**

A Receiving Party may use Protected Material only for purposes of prosecuting and defending this action. Such Protected Material may be disclosed only to the Court and its employees or other staff (e.g., externs) and to the categories of persons described in this Stipulated Protective Order. When the litigation has been concluded, a Receiving Party shall comply with the provisions of Paragraphs 4, 8, 9 and 13.

**6.2     <u>Pleadings, Motion Papers, and Written Discovery Papers.</u>** The parties shall comply with all of the requirements contained in L.R. 79-5 prior to including any material that another party has designated as Protected Material in pleadings, motion

papers (written motions, affidavits, and briefs), or written discovery papers (requests and responses).

**6.3** **Protected Material, including, without limitation, material designated as "CONFIDENTIAL," May Be Disclosed Only to the Following Qualified Persons**:

(a) All Parties in this Action (including his/its officers, directors, and employees);

(b) Outside Counsel as defined above, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;

(c) Experts or Consultants, as defined above, but only if: (1) the Expert or Consultant has signed a copy of the Certification (Exhibit A), (2) is not a Competitor of the Designating Party, and (3) Counsel for the Party retaining the Expert or Consultant, after duly diligent inquiry, does not know of any instance in which the Expert or Consultant has been found to be in violation of the terms of a protective order in any legal proceeding;

(d) A witness at a deposition or pre-trial hearing, if the witness will give relevant testimony regarding the Protected Material to be disclosed or if disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of the Certification;

(i) This provision does not preclude the Designating Party from objecting to or moving to preclude disclosure to any witness, or from seeking amendment of this provision in the future;

(e) Any person identified as an author, source, addressee, or recipient of the material or who already has a copy of the "CONFIDENTIAL" Information, provided such persons may not retain any "CONFIDENTIAL" Information shown to them and only after execution of the Certification;

**(f)**     Any other person mutually agreed upon among the Parties, but only if that person has signed the Certification;

**(g)**     Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them;

**(h)**     The Court or any Court personnel, including any court reporters; and,

**(i)**     Any other person by written agreement of the Designating Party and only after execution of the Certification.

**6.4     Information Designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" May Be Disclosed Only to the Following Qualified Persons**:

**(a)**     Outside Counsel as defined above, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;

**(b)**     Experts or Consultants, as defined above, but only if: (1) the Expert or Consultant has signed a copy of the Certification (Exhibit A), (2) is not a Competitor of the designating Party, and (3) Counsel for the Party retaining the Expert or Consultant, after duly diligent inquiry, does not know of any instance in which the Expert or Consultant has been found to be in violation of the terms of a protective order in any legal proceeding;

**(c)**     Any person identified as an author, source, addressee, or recipient of the material or who already has a copy of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information, provided such persons may not retain any "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information shown to them and only after execution of the Certification;

**(d)**     Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them;

**(e)**     The Court or any Court personnel, including any court reporters;

---

**JOINT STIPULATED PROTECTIVE ORDER**

**(f)** A witness at a deposition or pre-trial hearing, if the witness will give relevant testimony regarding the Highly Confidential - Attorneys' Eyes Only Information to be disclosed or if disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of the Certification; and

**(g)** Any other person by written agreement of the Designating Party and only after execution of the Certification.

**6.5  Required Handling of Protected Material.**

(a) Protected Material shall not be disclosed to anyone for any purpose other than as required for the preparation of trial or any appeal in this action, and, in that limited context, shall be disclosed only to Qualified Persons as set out below. Protected Material shall not be used for any business, competitive or other non-litigation purpose.

(i) Protected Material in native format may be copied solely (a) for use in a litigation-support application or (b) as mutually agreed upon by the parties.

(b) Each Party and its counsel, and each Qualified Person identified in ¶¶ 6.3 and 6.4 (other than the Court), including any person or entity acting on behalf of, or for the benefit of, that Qualified Person, (i) shall not permit or enable unauthorized dissemination of Protected Material to anyone; (ii) shall take all necessary and prudent measures to preserve the security of Protected Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Protected Material is stored or through which it is transmitted; and (iii) shall physically store, maintain, and transmit Protected Material solely within the United States.

(c) If Protected Material is disclosed in a manner not authorized by this Order, or if an attempt is made to hack or otherwise gain unauthorized access to a system containing Protected Material (jointly, "unauthorized actions"), each Party or Qualified Person with knowledge of the unauthorized actions immediately shall take necessary and prudent remedial measures to prevent their reoccurrence and promptly

---

**JOINT STIPULATED PROTECTIVE ORDER**

shall inform the Designating Party of such remedial measures and of all facts relating to the unauthorized actions, including identification of all Protected Material disclosed.

(d)     Nothing in this Order shall limit any Designating Party's use of its own documents, including disclosure of its own Protected Material to any person for any purpose.

**7.     REDACTIONS.**  Prior to any discovery-related disclosure or production, the Producing Party may redact information or material that is protected from disclosure by applicable privilege or immunity, that is governed by any applicable privacy law or regulation, that contains commercially sensitive or proprietary non-responsive information, or that any Order entered in this Action allows to be redacted.  The Producing Party also may withhold entire non-responsive attachments in a document family and may produce slipsheets in their place.

**7.1**   Methods of Redaction.

**(a)**     Each redaction in a TIFF-image shall be indicated clearly on the image as being based on "Privilege" or "Other."

**(b)**     For native files requiring redaction, redacted text shall be replaced with the terms "Privilege" or "Other," and the Producing Party shall produce the redacted file either in native format or in an authorized TIFF-image format.

**(c)**     For metadata fields requiring redaction, field content shall be replaced by the term "Redacted," and the modified field shall be included in any required .dat file.

**(d)**     The terms of ¶5.4 above shall apply to any unintentional failure to redact information.

**8.     DESIGNATING PARTY'S USE OF OWN DOCUMENTS**

Nothing in this Order shall limit any Designating Party's use of its own documents and information, including Protected Material, in this action or otherwise. Such disclosure shall not affect any designations made pursuant to the terms of this

Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party's Outside Counsel in writing sent by e-mail immediately and in no event more than seven business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order, the identification of the Protected Material(s) which the Receiving Party believes to be implicated by the subpoena or order, and must indicate the basis or bases by which the Receiving Party believes that the identified documents are subject to disclosure.

The Receiving Party must also immediately inform, in writing, the party causing the subpoena or order to issue that some or all responsive material is subject to this Protective Order. A copy of this Stipulated Protective Order shall be included therewith.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to recover all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that

such person or persons to return and/or destroy **all** copies of all materials so disclosed and certify that such return and/or destruction has taken place.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The production of information protected by the attorney-client privilege, work product doctrine, or any other privilege or protection from disclosure is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  If information is produced in discovery that is subject to a claim of privilege or of protection as a trial-preparation material, the party making the claim may notify any party that receiving such information of such claim and the basis for it.  After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Ruel of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for productions without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and € insofar as the parties reach an agreement on the effect of disclosure  of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party that, upon inspection or review, appear in any respect to contain or constitute potentially privileged information, the Receiving Party shall immediately stop review of such information, shall not distribute it further even amongst the Party's own case team except as strictly necessary to confirm the privileged nature of its contents, promptly sequester the potentially privileged information, and

1    immediately identify the potentially privileged information to the Producing Party.

2       The Receiving Party may object to the Producing Party's designation of disclosed
3 information as privileged material by providing written notice of such objection within
4 seven days of its receipt of a written demand for the return of the disclosed privileged
5 material. The Parties will strictly comply with Local Rules 37-1 and 37-2 in connection
6 with any dispute regarding the designation of information as privileged material. If
7 the Parties are unable to resolve any such dispute, the issue shall be resolved by the
8 Court after an in camera review of the disclosed privileged material. However, the
9 Receiving Party agrees not to argue in connection with a dispute over privileged
10 material that the information may not have been reviewed by the Producing Party prior
11 to its disclosure or that the Producing Party did not take reasonable steps to prevent
12 disclosure. Pending resolution of any such dispute by the Court, the Receiving Party
13 shall not review and shall not use the disclosed privileged material in any respect.

14       This Order shall be interpreted to provide the maximum protection allowed by
15 Federal Rule of Evidence ("FRE") 502(d). FRE 502(b) is inapplicable to any disclosed
16 privileged material. Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be
17 enforceable and granted full faith and credit in all other state and federal proceedings.
18 Any subsequent conflict of law analysis shall apply the law most protective of privilege
19 and work product.

20       Nothing contained herein is intended to or shall serve to limit a party's right to
21 conduct a review and segregation for withholding from production documents, ESI or
22 information (including metadata) on the basis of relevance or responsiveness to
23 discovery requests, or that is privileged material.

24 **12.**    **MISCELLANEOUS**

25       **12.1**    <u>**Right to Further Relief**</u>.

26       All Parties reserve the right to seek modification of this Order at any time for
27 good cause, including obtaining appropriate orders for deponents who refuse to sign the
28 attached Certification (i.e. Exhibit A). The Parties agree to meet and confer prior to

---

**JOINT STIPULATED PROTECTIVE ORDER**

seeking to modify this Order for any reason. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all Parties or by order of Court. No Party shall be prejudiced in any way of its right to petition the Court for a further protective order relating to any purportedly confidential information. Nothing in this Order Shall prevent any Party from seeking additional Protective Orders or other appropriate relief with respect to the scope of discovery and/or any discovery requests, depositions, and/or portions thereof that such Party believes to be inappropriate, harassing, or otherwise impermissible under applicable law.

### 12.2 <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object, on any ground, to use in evidence of any Protected Material.

### 12.3 <u>Filing Protected Material</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.2. In the event that a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. COMPLIANCE WITH ORDER

A Party's compliance with the obligations imposed on it by this Order, including any obligations concerning the treatment of information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," shall not be deemed an admission by the complying Party or otherwise be evidence that the information so designated is confidential, proprietary, trade secret, or private information. Nor shall such compliance be deemed a waiver of the complying Party's right to challenge the

Designating Party's designation of Protected Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."

**14.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**15.** **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this litigation, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected

Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Producing Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to the terms of this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 6, 2019                    BLANK ROME LLP

                                       By:  _/s/ Anthony B. Haller_____
                                           Anthony B. Haller
                                           Gregory M. Bordo
                                           Leigh Ann Buziak
                                           Jeffrey Rosenfeld
                                       Attorneys for Plaintiffs, DEPUY
                                       SYNTHES SALES, INC. AND
                                       JONATHAN L. WABER

---

**JOINT STIPULATED PROTECTIVE ORDER**

Dated: June 6, 2019                           SEYFARTH SHAW LLP

                                              By: /s/ D. Joshua Salinas
                                              _____
                                                  Michael D. Wexler
                                                  Robert B. Milligan
                                                  D. Joshua Salinas
                                              Attorneys for Defendants STRYKER
                                              CORPORATION and HOWMEDICA
                                              OSTEONICS CORP.


       Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Anthony B. Haller, hereby certify that
the content of this document is acceptable to D. Joshua Salinas, counsel
for Defendants, and that Mr. Salinas has provided his authorization to affix his
electronic signature to this document.


                                                  /s/ Anthony B. Haller
                                              _____
                                                  Anthony B. Haller

---

**JOINT STIPULATED PROTECTIVE ORDER**

# **O R D E R**

### **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  **June 7, 2019**

_____

Judge Kenly Kiya Kato
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type

full address], have received a copy of the Stipulated Protective Order entered by the

United States District Court for the Central District of California (the "Court") in the

matter *DePuy Synthes Sales, Inc. et al. v. Stryker Corporation*, Case No. 5:18-cv-

01557 FMO (KKx). I certify that I am not a Competitor, as defined in the Stipulated

Protective Order. I have read the Stipulated Protective Order in its entirety,

understand it, and I agree to comply with it fully and to be bound by all of it terms.

I understand any violation of the Stipulated Protective Order may subject me to

sanctions by the Court, in addition to any other remedies that a Party may have. I

hereby submit to the jurisdiction of the Court for purposes of enforcing the Stipulated

Protective Order, whether during the action or after its conclusion

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.


Date: _____        Printed name:_____


                                   Signature:_____


---

**JOINT STIPULATED PROTECTIVE ORDER**