**BLANK ROME LLP**
Gregory Bordo (SBN 156147)
GBordo@BlankRome.com
Jeffrey Rosenfeld (SBN 221625)
JRosenfeld@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel: 424.239.3400 Fax: 424.239.3434

Anthony B. Haller (*pro hac vice*)
Haller@blankrome.com
Leigh Ann Buziak (*pro hac vice*)
lbuziak@blankrome.com
Heidi G. Crikelair (*pro hac vice*)
HCrikelair@blankrome.com
130 North 18th St.
Philadelphia, PA 19103
Tel: 215-569-5690; Fax: 215-832-5690

Attorneys for Plaintiffs
DEPUY SYNTHES SALES, INC. and
JONATHAN L. WABER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| DEPUY SYNTHES SALES, INC., a Massachusetts corporation, and JONATHAN L. WABER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STRYKER CORPORATION, a Michigan corporation, and HOWMEDICA OSTEONICS CORP., a New Jersey corporation,<br><br>Defendants. | Case No. 5:18-cv-01557-FMO-KK<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO AWARD ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI**<br><br>Date: January 26, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Fernando M. Olguin<br>Crtrm.: 6D<br><br>Trial Date: None<br>Date Action Filed: July 23, 2018 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................... 1

II. STATEMENT OF FACTS .................................................................................. 4

    A. Plaintiffs Successfully Vindicated Waber's § 925 Rights ..................... 4

    B. Plaintiffs' Motions for Attorneys' Fees ................................................. 6

III. ARGUMENT ....................................................................................................... 6

    A. Waber is Entitled to Reasonable Fees Under Labor Code § 925 .......... 6

    B. The Lodestar Method Is Appropriate .................................................. 10

        1. Reasonableness of Time Spent. ................................................. 10

        2. Reasonable Market Hourly Rate ............................................... 11

        3. This Motion is Timely Filed. ..................................................... 12

IV. CONCLUSION .................................................................................................. 12

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI**
090725.02434/130126068v.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*C.B. ex rel Baquerizo v. Garden Grove Unified School Dist.*,
   No. SA CV 08-1047 RSWL (CWx), 2012 WL 161806 (C.D. Cal.
   Jan. 18, 2012)..................................................................................................8, 9

*Crawford v. Astrue*,
   586 F.3d 1142 (9th Cir. 2009).................................................................................12

*Daniel v. Astrue*,
   No. EDCV 4-1188-MAN, 2009 WL 1941632 (C.D. Cal. July 2,
   2009).........................................................................................................................12

*Ferland v. Conrad Credit Corp.*
   (9th Cir. 2001) 244 F.3d 1145.................................................................................10

*Hanawalt v. Colvin*,
   No. CV 14-7754-AFM (C.D. Cal. Apr. 3, 2018), Dkt. No. 32 .............................12

*In re Horne*,
   No. 13-00258-CB-B, 2016 WL 5661937 (S.D. Ala. Sept. 28, 2016).................10

*Jose N. v. Saul*,
   No. CV 14-68-KK, 2019 WL 6251442 (C.D. Cal. Nov. 22, 2019)....................12

*Jurek v. Piller USA, Inc.*,
   No. 21-cv-150 W (KSC), 2021 WL 2937050, (C.D. Cal. July 13,
   2021).........................................................................................................................8

*Lolley v. Campbell*
   (Cal. 2002) 28 Cal. 4th 367 ....................................................................................9

*National Warranty Ins. Co. v. Greenfield*,
   No. CV-97-1654-ST, 2001 WL 34045734 (D. Ore. Feb. 8, 2001)......................11

*Palos v. Colvin*,
   No. CV 15-4261-DTB, 2016 WL 5110243 (C.D. Cal. Sept. 20,
   2016).........................................................................................................................12

*Stewart Organization, Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ............................................................................................3, 10

ii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI**
090725.02434/130126068v.1

*Verdugo v. Alliantgroup, L.P.*
  (2015) 237 Cal.App. 4th 141 ................................................................................. 7

*Yoemans v. World Fin. Grp. Ins. Agency, Inc.*,
  No. 19-CV-00792, 2019 WL 5789273 (N.D. Cal. Nov. 6, 2019) ......................... 8

*Zamora v. City of Houston*,
  No. H-07-4510, 2016 WL 10770945 (S.D. Tex. Nov. 22, 2016) ....................... 10

**Statutes**

California Business and Professions Code §16600 ........................................... 3, 4, 5

California Labor Code § 925 ............................................................................. *passim*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI**
090725.02434/130126068v.1

## I. INTRODUCTION

This is a second supplemental Motion for Attorneys' Fees on behalf of Plaintiff Jonathan L. Waber ("Waber"). This Motion covers attorneys' fees incurred by Waber to oppose Howmedica Osteonics Corp.'s Petition for Writ of Certiorari ("Cert. Petition") in the United States Supreme Court.

Waber's first motion for fees (Dkt. 146) followed proceedings in this Court in which Waber, a California employee, had been forced to enforce his rights under California Labor Code § 925 after being threatened by HOC with the enforcement of a non-compete agreement outside of California in New Jersey, depriving Waber of the protections of California law in violation of § 925. HOC continued its efforts to enforce the illegal provisions in this Court, seeking to have the case transferred to New Jersey where Waber would have been in jeopardy of an injunction or damages for violating a facially illegal non-compete provision in his Employment Agreement with HOC. After losing on summary judgment in this Court, HOC appealed its position to the Ninth Circuit, where again the Ninth Circuit rejected its arguments. Plaintiffs timely filed a supplemental motion for attorneys' fees to recover fees incurred in successfully defeating HOC's appeal in the Ninth Circuit (Dkt. 165). Undeterred, HOC again pressed its position against Waber in the United States Supreme Court by filing a Cert. Petition. Again, HOC's arguments were rejected. The Cert. Petition was denied on December 12, 2022. This second supplemental Motion for Attorney's Fees follows that denial.

If ever there was a time or place for an award of fees under §925, this is it. HOC has pursued Waber relentlessly at every stage of litigation and appeal, going to the extent of urging its incorrect position in the United States Supreme Court. At each step on its way, HOC's arguments have been dismissed as unsustainable, yet it has aggressively persisted in its efforts. HOC's conduct in this litigation has forced Waber to incur a significant amount of attorneys' fees to enforce his rights against arguments that have been determined to have had no basis in law or fact. In defending

1

and vindicating his rights under §925, Waber has borne another round of fees in reviewing, analyzing, and drafting a winning Supreme Court opposition brief.

HOC attempts to wriggle out of any exposure to a fee award by arguing that it can only be responsible for attorneys' fees if it is found to have acted in bad faith or unreasonably. But HOC is wrong on this point. Section 925 has no such standard in its text, and that is not the standard under California law generally.  Under the plain text of § 925, the award of attorneys fees is intended to be a *remedy* for those enforcing their rights under the statute: "***[i]n addition to injunctive relief and any other remedies available, a court may award*** an employee who is enforcing his or her rights under this section ***reasonable attorney's fees***." §925(c) (emphasis added). There is no statutory basis to read into a remedy provision a bad faith standard. In fact, because it is part of a remedy section, the Court, at minimum, has the authority to award fees if the employee obtains, as here, judgment in his or her favor which is affirmed on appeal. Any other construction would render the fee award remedy illusory because an employer, like HOC, can litigate baseless positions such that an employee cannot sustain the costs of litigation and is forced to settle with no consequences to the offending employer.

Moreover, HOC's conduct in this case has not been reasonable. HOC undertook the following action in litigation to enforce what it knew to be an illegal agreement as of February 2019:

- **Initial Litigation:** HOC initially sought to enforce by filing a Motion to Dismiss Or In The Alternative To Transfer. The motion was denied on February 5, 2019.

- **Mandamus:**  HOC then filed a petition for writ of mandamus to the Ninth Circuit. The petition was summarily denied on April 24, 2019.

- **Proliferation of Litigation:**  HOC pressed for extensive discovery, which proved fruitless as this Court granted summary judgment on September 29, 2020, in Plaintiffs' favor on the very same legal grounds as the denial of the Motion to Dismiss.

- **Appeal:** Despite having its argument again rejected by this Court, undeterred HOC filed an appeal on its unsustainable argument that

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) preempted all state laws related to the validity of forum-selection provisions. On March 14, 2022, after full briefing and oral argument, the Ninth Circuit unanimously rejected HOC's position and affirmed this Court's decision.

- **Request for *En Banc*:** Again undeterred, HOC then requested a hearing *en banc*, which was summarily denied on May 16, 2022.

- **Certiorari:** After having its *Stewart* argument dismantled by the Ninth Circuit, HOC filed the Cert. Petition pivoting to a newly asserted and equally unsustainable position based on an assertion that the Ninth Circuit's opinion created an 8-2 circuit split on the pro-enforcement federal standard for forum-selection clauses. As Plaintiffs' opposition papers showed, there was no such split and it was manufactured for purposes of seeking Supreme Court review. The Supreme Court denied the Petition on December 12, 2022.

In sum, HOC has spent four years attempting to enforce a non-compete agreement against Waber on theories that have been consistently rejected by the courts starting with this Court in February 2019. The HOC Employment Agreement plainly violated § 925 and California Business and Professions Code §16600. HOC's arguments were rejected twice by this Court, twice by the Ninth Circuit, and now by the United States Supreme Court. In this crusade of litigation, HOC forced Waber to incur hundreds of thousands of dollars in attorneys' fees up through and including the denial of HOC's Cert. Petition before the Supreme Court. As shown below, the fees incurred in opposing the Cert. Petition were reasonable and appropriate under the statute and were necessary to vindicate Mr. Waber's § 925 rights.[1]  Thus, Plaintiffs are entitled to fees in opposing the Petition in the amount of $86,469.65, which together with their Motion for Attorneys Fees (Dkt. 146) ("Trial Court Fee Motion") and their Motion for Attorneys' Fees on Appeal (Dkt. 165) ("Ninth Circuit Fee Motion") is a request for fees in the amount of $505,513.03 for successfully

---

[1] To the extent HOC contests the reasonableness of the legal fees requested, the Court should compel HOC to disclose HOC's fees and costs in this matter as well.

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI**
090725.02434/130126068v.1

enforcing Waber's rights under §925 before this Court, the Ninth Circuit, and the United States Supreme Court in four-plus years of relentless litigation.

## II. STATEMENT OF FACTS

### A. Plaintiffs Successfully Vindicated Waber's § 925 Rights

Waber is a citizen of California residing in Palm Springs, California. (Dkt. 138 Order re: Cross Motions for Summary Judgment at 1:24). In September 2017, HOC offered Waber a job with responsibility for accounts exclusively in California. (*Id.* at 1:26-2-5). As a condition of his employment with HOC, Waber was required to execute the Employment Agreement, which contained non-compete and non-solicitation provisions. (*Id.* at 2:5-7). The Employment Agreement also contained a foreign forum selection and choice-of-law provision requiring that all litigation between HOC and Waber take place in either Michigan or New Jersey under the laws of those fora. (*Id.* at 3:19-26). Waber was not represented by counsel in negotiating the Employment Agreement. (*Id.* at 14:25-26). On July 1, 2018, Waber resigned from HOC and accepted a position with DePuy Synthes. (*Id.* at 4:19-20).

On July 23, 2018, Waber exercised his right to void the offending foreign forum selection and choice-of-law provision by sending a letter to HOC's in-house counsel. (*Id.* at 5:8-12). Waber and his new employer, DePuy Synthes, filed an action for declaratory and injunctive relief under California Labor Code § 925 and California Business & Professions Code §16600.[2]

On February 5, 2019, this Court denied Defendants' motion to dismiss, or in the alternative, to transfer, finding that § 925 applied to the provision and that it was unenforceable. (Dkt. 63). Specifically, the Court found that the "forum selection clause at issue violates both prongs of § 925(a) by (1) requiring labor disputes that arise within California to be adjudicated in another state and (2) imposing another

---

[2] DePuy Synthes and Mr. Waber originally filed additional claims for intentional interference with business relationships, which they withdrew and elected only to pursue claims for declaratory and injunctive relief under § 925 and Business and Professions Code § 16600 in an attempt to streamline the case and avoid needless discovery, which HOC was determined to take.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI
090725.02434/130126068v.1

state's law on California employees." (*Id.* at 4). Despite the Court's decision on this threshold issue, HOC persisted with asserting this same defense and insisted on taking expensive additional and unnecessary discovery. The parties then filed the Cross-Motion for Summary Judgment. This Court granted summary judgment in favor of Mr. Waber and DePuy Synthes on claims for violation of California Labor Code § 925 and Business and Professions Code § 16600, but not their claim for violation of § 17200. (Dkt. 138). The Court found that "Defendants' arguments on summary judgment closely track the arguments they made in their Motion to Transfer" and that "[g]iven the absence of new arguments, the court sees no reason to depart from the reasoning and outcome articulated on its previous order." (*Id.* at 14:4-9). Accordingly, after all the time and effort on discovery, the Court held – as Mr. Waber stated from the outset opposing discovery – all of the issues involved are all legal in nature and the undisputed facts in the record required judgment in Mr. Waber's favor.[3]

Undeterred, HOC continued to litigate this issue, filing an appeal to the Ninth Circuit, requiring substantial briefing and oral argument, which was held on November 17, 2021. The Ninth Circuit panel issued a unanimous opinion for publication rejecting each of HOC's arguments and specifically affirming the central holding of this Court's decision denying HOC's Motion to Transfer back in February 2019, which is that "Waber voided the forum-selection clause in his employment contract under § 925(b)" and the "Waber's voiding of that provision excised the forum-selection clause from the agreement as presented to the district court." (Dkt. 162 at 18). The Ninth Circuit denied HOC's petition for rehearing *en banc*, without requiring Plaintiffs to respond and with no judges voting to rehear the case.

Having been defeated in the Ninth Circuit, HOC filed a Petition for Writ of Certiorari in the United States Supreme Court on September 14, 2022. After full briefing, the Supreme Court denied the Petition on December 12, 2022. Since its

---

[3] The fees required to oppose this effort were covered in Plaintiffs' Trial Court Fee Motion (Dkt. 145).

motion to dismiss was denied on February 5, 2019, HOC has continued to litigate its counterclaims and press its defenses for over four years through summary judgment, a Ninth Circuit appeal, and a Supreme Court Petition, forcing Plaintiffs to incur significant legal fees to enforce Waber's rights.

### B. Plaintiffs' Motions for Attorneys' Fees

On February 2, 2021, Plaintiffs filed the Trial Court Fee Motion in this Court. (Dkt. 146). After briefing was completed (Dkts. 147, 154), HOC moved to continue the motion hearing date of March 4, 2021. (Dkt. 155). On February 26, 2022, the Court took the Motion for Attorneys' Fees off calendar and placed it under submission. (Dkt. 156).

On May 31, 2022, after the Ninth Circuit denied Defendant's petition for rehearing, Plaintiffs timely filed in the Ninth Circuit a Motion to Transfer Consideration of Attorneys' Fees on Appeal to the District Court or, in the Alternative, to Award Attorneys' Fees on Appeal. On June 6, 2022, the Ninth Circuit granted the motion to transfer and transferred consideration of attorneys' fees to the District Court. (Dkt. 164). Plaintiffs filed the Ninth Circuit Fee Motion on June 21, 2022. (Dkt. 165). On July 15, 2022, the Court took the Motion for Attorneys' Fees on Appeal off calendar and placed it under submission. (Dkt. 168).

On December 12, 2022, the United States Supreme Court denied HOC's Petition for Writ of Certiorari. This Motion follows seeking to recover the fees Plaintiffs were forced to incur in opposing HOC's Petition.

## III. ARGUMENT

### A. Waber is Entitled to Reasonable Fees Under Labor Code § 925

As set forth at length in the Trial Court Fee Motion, California Labor Code Section 925(c) provides that "[i]n addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorneys' fees." Thus, under the plain language of § 925,

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI**
090725.02434/130126068v.1

fees are explicitly one of the remedies called for in an action by an employee who enforces his rights under the section.

HOC has argued in opposition to Plaintiffs' first two fee petitions and during the meet and confer on this supplemental petition that they cannot be subject to a fee award absent a finding of bad faith. Section 925 has no such standard in its text. There is no statutory basis to read into a remedy provision a bad faith standard. In fact, because it is part of a remedy section, the Court, at minimum, has the authority to award fees if the employee obtains, as here, judgment in his or her favor which is affirmed on appeal. One-way fee-shifting statutes under the California Labor Code are designed to deter employers from violating its provisions and to encourage employees to seek recovery without bearing the entire financial burden of costly litigation. *See United Parcel Service Wage & Hour Cases* (Cal. Ct. App. 2011) 122 Cal.Rptr.3d 661, 666 (one-way fee-shifting provisions in California Labor Code are "meant the 'encourage injured parties to seek redress—and thus simultaneously enforce [the Labor Code]—in situations where they otherwise would not find it economical to sue."); *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App. 4th 141, 157 ("[T]he Labor Code also provides specific remedies designed to encourage employees to bring civil actions to enforce those rights, including statutory penalties, interest, and attorneys fees[.]"). To fail to award reasonable fees where an employee has expended hundreds of thousands of dollars enforcing his rights would "defeat the legislative intent and create a chilling effect on workers who have had their statutory rights violated." *United Parcel Service Wage & Hour Cases*, 122 Cal.Rptr.3d at 666. Any other construction would render the fee award remedy illusory because an employer, like HOC, can litigate endlessly against the employee who may not be able to afford protracted litigation costs. Not awarding fees here sends a message that employers can simply engage in drawn out litigation and not suffer any monetary consequences for these practices.

HOC's sole basis for its contention that a bad faith standard applies is a one-line statement in an order denying fees for opposing a motion to transfer based on § 925. *See Yoemans v. World Fin. Grp. Ins. Agency, Inc.*, No. 19-CV-00792, 2019 WL 5789273, at *9 (N.D. Cal. Nov. 6, 2019); *and see Jurek v. Piller USA, Inc.*, No. 21-cv-150 W (KSC), 2021 WL 2937050, at *5 (C.D. Cal. July 13, 2021). Unlike *Yoemans* and *Jurek*, where the court found that there was a reasonable basis to bring a motion to transfer, and thus they were "loathe" to award fees at this stage, here, Waber seeks to recover fees for the nearly four years of litigation *after* the denial of HOC's motion to dismiss, including an appeal to the Ninth Circuit and Cert. Petition to the Supreme Court. Whatever reasonable basis the courts found in *Yoemans* and *Jurek* was dismissed in February 2019. HOC attempted to hold Waber and his new employer captive and without finality on this Court's decisions through relentless litigation and appeals. As a result, HOC's litigation actions have continued to inhibit competition and the fair movement of labor in California.

At this stage, an award of attorneys' fees incurred in opposing certiorari is reasonable. *See C.B. ex rel Baquerizo v. Garden Grove Unified School Dist.*, No. SA CV 08-1047 RSWL (CWx), 2012 WL 161806, at *5 (C.D. Cal. Jan. 18, 2012) ("Plaintiff is entitled to reasonable attorney's fees relating to his opposing Defendant's Petition for Writ of Certiorari to the U.S. Supreme Court as Plaintiff is the prevailing party and made a timely motion for attorney's fees.").

Plaintiffs were the successful parties in this action at every level and successfully enforced Waber's rights under California Labor Code § 925 through all stages of this proceeding. All of the fees requested in Plaintiffs' three fee petitions were necessarily incurred by Waber and would have been incurred whether or not DePuy Synthes was also a plaintiff to this litigation. (Buziak Decl. at ¶19.) Indeed, the fees would have been *higher* if DePuy Synthes was not a plaintiff as Waber received the benefit of the fee accommodations provided by Plaintiffs' counsel as a result of its longstanding relationship with DePuy Synthes. (*Id*. at ¶21.) No fees that

are requested in any of Plaintiffs' three fee motions were incurred as a result of *DePuy Synthes'* participation in this case as a plaintiff. (*Id.* at 19.) HOC's arguments on this point are baseless.[4]

This Court granted summary judgment and the entry of judgment in favor of Plaintiffs as to Waber's rights as a California citizen and due to his role as an employee of DePuy Synthes, which was the basis of HOC's threat to enforce the agreement. Waber continued to successfully enforce his rights under § 925 and was successful in defending this Court's decision on appeal when the Ninth Circuit affirmed this Court's grant of summary judgment. Waber then prevailed before the United States Supreme Court.

Despite its claims being rejected at every stage, HOC has claimed in opposition to the other fee motions that this litigation was an unnecessary "sword" used by DePuy Synthes to bring "anti-competitive" claims. This is nonsensical when it is HOC's conduct that is anti-competitive; HOC's lawsuit has inhibited the labor market in California and the ability to hire HOC employees for fear they will be the subject of a lawsuit in a foreign forum. HOC has attempted to enforce these covenants in New Jersey and would have proceeded against Waber as well, except that Waber filed this action to obtain the protection of California law. Waber was merely enforcing his rights and preventing HOC from enforcing an illegal agreement.[5]

---

[4] HOC has opposed Plaintiffs' prior two motions for attorneys' fees on the grounds that only Waber, not DePuy Synthes, is entitled to recover fees under §925. All fees incurred in opposing HOC's Petition were in support of vindicating Waber's rights and would have necessarily been incurred by Waber whether DePuy Synthes Sales was a party or not. HOC's argument should be rejected.

[5] HOC's principal argument in opposition to Plaintiffs' Trial Court Fee Motion is that Mr. Waber did not pay his attorneys' fees, which were paid by Plaintiff DePuy Synthes. The California Supreme Court has addressed and rejected this exact argument and it cannot support HOC's opposition. As the California Supreme Court has announced, "California courts have routinely awarded fees to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship although the party did not have a personal obligation to pay for such services out of his or her own assets." *Lolley v. Campbell* (Cal. 2002) 28 Cal. 4th 367, 373. Indeed, the Court "specifically rejected the contention…that attorney fees 'incurred' mean *only* fees a litigant actually pays or becomes liable to pay from his own assets." *Lolley*, 28 Cal. 4th at 374. HOC has never cited any cases to support its incorrect assertion that Mr. Waber must have actually paid the fees for the work necessary to enforce his rights to obtain a fee award under the statute.

### B. The Lodestar Method Is Appropriate

The principal step for establishing a statutory attorneys' fee award is computation of the "lodestar" figure applicable to the case. *Ferland v. Conrad Credit Corp.* (9th Cir. 2001) 244 F.3d 1145, 1149, fn. 4. The "lodestar" is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate and is considered the starting point for fixing such an attorney's fee award. *Id*.

#### 1. Reasonableness of Time Spent.

Plaintiffs' evidence establishes that Plaintiffs' attorneys maintained contemporaneous, detailed records of their activity on the case, using a minimum billing unit of one-tenth of an hour. *See generally* Buziak Decl. Plaintiffs' attorneys expended 142.9 hours in successfully briefing its opposition to the petition for certiorari before the United States Supreme Court. *Id.* at ¶11. This amount of time was necessary because HOC changed the entire basis of the argument that it advanced in this Court and the Ninth Circuit. HOC changed its argument from directly relying on *Stewart* to arguing that there was a circuit split on the issue of whether state or federal law governed forum-selection provisions in federal court. HOC accused the Ninth Circuit of joining the minority rule applying state law to this question in its decision affirming this Court's granting of summary judgment, despite the fact that the Ninth Circuit explicitly state it was not apply state law. (*Id.* at ¶13.) This shift in argument and the basis for HOC's position necessarily required additional legal research and analysis regarding the alleged circuit split and unfurling the secondary sources cited by HOC for the first time. (*Id.* at ¶14). Nearly half of the total hours spent on this matter were worked by an associate for tasks such as legal research and analysis, and initial drafting of briefs. (*Id.* at ¶15).

The time spent by Plaintiffs in opposing certiorari is commensurate with other parties successfully opposing certiorari. *See In re Horne*, No. 13-00258-CB-B, 2016 WL 5661937, at *3 (S.D. Ala. Sept. 28, 2016) (finding 111.4 hours opposing certiorari reasonable); *Zamora v. City of Houston*, No. H-07-4510, 2016 WL

10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI**
090725.02434/130126068v.1

10770945, at *6 (S.D. Tex. Nov. 22, 2016) (court adjusting request to 133.9 hours as reasonable fees for opposing certiorari).

Unlike in *National Warranty Ins. Co. v. Greenfield*, where the District of Oregon reduced Plaintiff's fee request for opposing certiorari from 120.2 hours to 91.4 hours because "the legal issues presented in [the Opposition] Brief had been thoroughly researched and previously presented to the Ninth Circuit," No. CV-97-1654-ST, 2001 WL 34045734, at *8 (D. Ore. Feb. 8, 2001), here, HOC fundamentally shifted its legal arguments from the Ninth Circuit to its certiorari petition, arguing, for the first time, that this Court's and the Ninth Circuit's decision exacerbated an 8-2 circuit split on the "pro-enforcement federal law standard." This required Plaintiffs to research this novel (and ultimately incorrect) legal argument for its submission to the Supreme Court.

The time spent was reasonable and is fully described in the accompanying declaration, specifically Exhibit A to the Declaration of Leigh Ann Buziak, which contains contemporaneously recorded hours, work narrative, and the amount incurred for each task. (*Id.* at ¶23).

### 2. Reasonable Market Hourly Rate.

Plaintiffs have set forth the hourly rates for each attorney, which are justified by, among other things, their skill, experience, reputation, education, and professional accomplishments. The hourly rates charged for the services provided in this matter are commensurate with, if not below, the rates customarily charged by employment and litigation attorneys in the Los Angeles legal community that possesses similar expertise and experience. Here, Mr. Haller's hourly rate for 2022 was $970. (*Id.* at ¶8). Partner Leigh Ann Buziak's hourly rate was $700. (*Id.* at ¶4). The associate on the matter, Christopher Wilcoxson, billed at a rate of $560 per hour. (*Id.* at ¶10).

The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and district courts have repeatedly found reasonable fees with

effective hourly rates exceeding $1,000 per hour. *See*, *e.g.*, *Crawford v. Astrue*, 586 F.3d 1142, 1153 (9th Cir. 2009); *Jose N. v. Saul*, No. CV 14-68-KK, 2019 WL 6251442, at *3 (C.D. Cal. Nov. 22, 2019) (approving effective hourly rate of $1,452.65); *Hanawalt v. Colvin*, No. CV 14-7754-AFM (C.D. Cal. Apr. 3, 2018), Dkt. No. 32 (approving effective hourly rate of $1,505.26); *Palos v. Colvin*, No. CV 15-4261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546.39); *Daniel v. Astrue*, No. EDCV 4-1188-MAN, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving effective hourly rate of $1,491.25). The rates charged in this matter are well within and even below those accepted in the Central District, with partner rates and associate rates even lower than those found reasonable in the cases cited above.

In addition, the rates charged in this matter were the actual normal rates the Blank Rome attorneys would otherwise and normally charge for this work, less significant pre-negotiated discounts with Plaintiffs received because of Blank Rome's relationship with DePuy Synthes—of which HOC is a beneficiary. (Buziak Decl. at ¶21).

### 3. **This Motion is Timely Filed.**

The Supreme Court denied HOC's Petition on December 12, 2022. Pursuant to L.R. 54-7, a motion for attorneys' fees is timely made in this Court if it is made within 14 days of the order which makes the party eligible to recover such fees. As such, this Motion is timely filed by December 27, 2022, because December 26, 2022 is observed as the Christmas holiday recognized by this Court.

### IV. CONCLUSION

This Supreme Court Fee Motion supplements Plaintiffs' Trial Court Fee Motion (Dkt. No. 146) and Plaintiffs' Ninth Circuit Fee Motion (Dkt. No. 165), which have been taken under submission by the Court. As a supplement to those motions, and in accordance with Federal Rule of Civil Procedure Rule 54, Local Rule 54-7, and California Labor Code Section 925, Plaintiffs respectfully request this

12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES FOR OPPOSITION TO PETITION FOR CERTIORARI**
090725.02434/130126068v.1

Court grant their Motion and award attorneys' fees for opposing HOC's Petition for Writ of Certiorari in the amount of $86,469.65 and enter an Order in the form proposed in Plaintiffs' Motion.

Dated: December 27, 2022         BLANK ROME LLP

By: /s/ Leigh Ann Buziak
Anthony B. Haller
Leigh Ann Buziak
Gregory Bordo
Jeffrey Rosenfeld
Heidi G. Crikelair
*Attorneys for Plaintiffs,*
*DePuy Synthes Sales, Inc. and*
*Jonathan L. Waber*

### L.R. 11-6.2 Certificate of Compliance

Pursuant to L.R. 11-6.2, effective December 1, 2022, the undersigned, counsel of record for Plaintiffs, DePuy Synthes Sales, Inc. and Jonathan L. Waber certifies that the brief contains 4,559 words, which complies with the word limit of L.R. 11-6.1

Dated: December 27, 2022         BLANK ROME LLP

By: /s/ Leigh Ann Buziak
Anthony B. Haller
Leigh Ann Buziak
Gregory Bordo
Jeffrey Rosenfeld
Heidi G. Crikelair
*Attorneys for Plaintiffs,*
*DePuy Synthes Sales, Inc. and*
*Jonathan L. Waber*